### Foster v. Foster, et al.

(Decided October 22, 1920.)

### Appeal from Madison Circuit Court.

1. Wills—Construction—Improvements.—Testator devised property to his wife for life and at her death in equal parts to three sons, giving them the right to use and cultivate the land so long as they were dutiful and kind to their mother. One of the sons, who had placed valuable improvements on the property, died during his mother's lifetime having devised his property to his wife: Held, that the permission to use and cultivate the property was personal to the sons and the deceased son's devisee could not recover the value of the improvements placed upon the property by her husband, nor was she entitled to recover the value of the use of said improvements.

2. Wills—Use of Property Devised.—Until the death of the life tenant neither a remainderman nor any one else has the right to use the property or have control thereof, nor the power to reduce any portion thereof to possession.

3. Wills—Improvements.—Upon the death of the life tenant a devisee of a deceased son who has placed improvements on the property will receive her proportion of the property in its enhanced value.

G. MURRAY SMITH for appellant.

A. R. BURNAM, JR., and C. C. WALLACE for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

William Foster died testate in 1901, and by his will devised his entire estate to his wife for life, or so long as she remained unmarried. If she remarried she was

to take only a certain portion of the estate for life. Upon her remarriage the remainder of the estate or upon her death the entire estate was devised in equal parts to his three sons. As to his son Levy he gave only a life estate. In the fourth clause of the will it is provided:

"I desire and wish that after my death in the event that my wife does not marry again, that my boys should use and cultivate the lands until her death, as they have been doing in the past and are now doing, proving at all times dutiful and kind to their mother, and at her death without marriage, as above stipulated I devise to them all my property to be equally divided between them in value. The said Levy Foster taking his share in said real estate, subject to limitations and conditions above set forth."

The present suit was instituted by appellant seeking a construction of said will and especially clause four.

Appellant is the widow and sole devisee of Ira Foster, a son of William Foster. In her petition she alleges that during his lifetime her husband erected valuable improvements on the lands devised by William Foster, and that Ira Foster's interest in his father's estate was a vested right and that she, as his widow and devisee, had the right with the other remaindermen to use and cultivate the land until the death of the life tenant. That Ira Foster lived on, used and cultivated said land during his lifetime, and she asks that she be adjudged the owner of one-third of the estate subject to the life interest of the widow and be adjudged entitled to use and cultivate the same with the other remaindermen, or that she be given a judgment for the amount to which the property had been enhanced in value, by reason of the improvements placed thereon by her husband, to-wit, the sum of $3,500.00.

In an amended pleading it was alleged that appellant had been ejected from the premises formerly occupied by her husband, and she asks that she be given judgment for the value of the use of the improvements erected by her husband during his lifetime.

The case was submitted on demurrer to the petition as amended and the court adjudged appellant a joint owner in a vested remainder in the land subject to the life estate.

Appellant complains of this judgment and for reversal urges that she is entitled either to the amount that the

improvements enhanced the value of the land, or to the value, of the use of such improvements.

A vested remainder exists when there is some person *in esse* known and ascertained, who by the will or instrument by which the estate is created, is to take and enjoy the estate upon the expiration of the existing particular estate, and whose right to such remainder no contingency can defeat. Alexander on Wills, sec. 890; Borland on Wills, sec. 147; Bowling's Heirs v. Dobyns' Admr., 5 Dana, 434.

It is clear the estate devised to Ira Foster was that of a vested remainder and being such this interest upon his death passed to his wife as devisee.

In the absence of limitations a life tenant is entitled to the property devised and to its use during his or her natural life and the remaindermen are entitled to the corpus of the estate thereafter. Until the death of the life tenant neither a remainderman nor any one else has any right to control or use said property or to have charge thereof, nor the power to reduce any portion thereof to possession. Walker v. Milliken, 150 Ky. 12, 150 S. W. 71. The right on the part of a remainderman to proceed to recover the land does not occur until the termination of the life estate which precedes it.

The expressed desire and wish of William Foster that his sons use and cultivate the land during the lifetime of their mother, proving at all times dutiful and kind to her, was a request and privilege personal to his sons, and no one else, and by no sort of construction could it be said testator intended that in the event of the death of any of his sons during his wife's widowhood that a similar right to occupy, use and cultivate the land could or would be vested in any other. During their father's lifetime these sons lived with their parents and used and cultivated the land, and it was his desire that they so remain with their mother and as long as they continued to work on the place and were thoughtful and attentive to their mother he was anxious that they be permitted to use and cultivate the farm. These were the conditions under which they could remain there. Aside from this permissive use of the property the interest of the sons was nothing more than that common to remaindermen in general, to-wit, the right to a future and not a present enjoyment of the property.

As to the improvements, appellant is not entitled either to the value of same, nor to the value of the use

thereof. As the sole devisee of Ira Foster she will receive her due proportion of the property in its enhanced value upon the termination of the life estate. She did not acquire a right or interest in the property greater than that possessed by her husband. He placed the improvements on the property, fully advised as to the rights of himself, his mother and brothers. He could not have removed these improvements from the premises, nor had he vacated the premises could he have recovered the value of the improvements so made by him.

Finding no error in the judgment it is accordingly affirmed.